**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| LUIS PEREZ, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | 2:05-CV-0098-RLY-WGH |
| ) | |
| MARK A. BEZY, Warden, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* In this case, petitioner Luis Perez ("Perez") has failed to make such a showing. Accordingly, his petition for a writ of habeas corpus must be **denied.** This conclusion rests on the following facts and circumstances:

1. Perez is confined within the Southern District of Indiana serving a sentence imposed by the United States District Court for the Western District of Wisconsin. This term of imprisonment was imposed on August 25, 1995, following Perez's convictions for assault resulting in serious bodily injury, in violation of 18 U.S.C. § 113(a)(6) and possession of a prohibited object (weapon), in violation of 18 U.S.C. § 1791(a)(2) and (d)(1)(B). These offenses were committed while Perez was serving a separate sentence for an unrelated federal criminal conviction imposed in 1988 by the United States District Court for the Northern District of Illinois. The former offenses, being the violation of 18 U.S.C. § 113(a)(6) and 18 U.S.C. § 1791(a)(2) and (d)(1)(B), shall be referred to in this Entry as "the 1993 conviction."

2. The underlying conduct supporting the 1993 conviction occurred while Perez was confined at a federal prison, this being the Federal Correctional Institution at Oxford, Wisconsin ("FCI-Oxford"). As described by the Seventh Circuit Court of Appeals: "On the evening of January 13, 1993, Luis Perez, an inmate at the Federal Correctional Institution at Oxford, Wisconsin (FCI-Oxford), slashed the throat of his cellmate Faustino Calderon-Abeja ("Calderon")." *United States v. Perez,* 43 F.3d 1131, 1132 (7th Cir. 1994). The same conduct was the basis of a prison disciplinary proceeding at the FCI-Oxford. In that disciplinary proceeding, Perez was found guilty of Offense Code 100 (killing) and was sanctioned with the forfeiture of 622 days of statutory good-time, with placement in segregation for 60 days, and with transfer to another prison. The disciplinary proceeding was conducted after Perez had been sentenced for the 1993 conviction, but while that conviction was being appealed.

3. Perez pleaded "not guilty" to the charge of prison misconduct, but apparently because of the pending appeal Perez did not put up a defense or discuss the incident. That appeal, in fact, resulted in the reversal of Perez's conviction and upon facing an additional charge at his new trial he was convicted of the charges for which he is currently confined. *See United States v. Perez,* 79 F.3d 79 (7th Cir. 1996).

4. Perez contends in this case that the sanctions imposed in the prison disciplinary proceeding were so harsh as to constitute "punishment" in a constitutional sense, implicating double jeopardy concerns. This argument is wholly unpersuasive.

   a. Two of the sanctions imposed–placement in disciplinary segregation and an institutional transfer–did not constitute the loss of a protected liberty interest and hence did not result in "custody" sufficient to support the issuance of a writ of habeas corpus. *Montgomery v. Anderson,* 262 F.3d 641, 644 (7th Cir. 2001). These sanctions, therefore, may not be challenged through an action for a writ of habeas corpus. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004).

   b. The loss of statutory good-time, on the other hand, did result in the deprivation of a protected liberty interest and affected the anticipated duration of Perez's confinement. Nonetheless, Perez's challenge to this sanction rests on his view that it amounted to a double jeopardy violation. Such a claim is a non-starter, however, because the bar against double jeopardy does not preclude criminal prosecution for conduct for which prison authorities have already imposed administrative discipline. *See Garrity v. Fiedler,* 41 F.3d 1150, 1152 (7th Cir. 1994) (citing cases). Double jeopardy is limited to criminal prosecutions and to some non-criminal procedures where the penalties imposed serve a punitive rather than remedial function. *United States v. Halper,* 490 U.S. 435, 448-49 (1989). "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell,* 418 U.S. 539, 556 (1974). As explained by the Ninth Circuit, "withholding of good time credit and disciplinary transfer do not constitute punishment for double jeopardy purposes under the *Halper* standard because both are readily explained solely in remedial terms. Both serve the remedial goals of maintaining institutional order and encouraging compliance with prison rules in a situation 'where good order and discipline are paramount because of the concentration of convicted criminals.'" *United States v. Brown,* 59 F.3d 102, 105 (9th Cir. 1995) (quoting *United States v. Newby,* 11 F.3d 1143, 1145 (3rd Cir. 1993)).

5. The additional argument Perez makes concerning the manner in which his sentences are being calculated does not warrant relief. This is because he has not demonstrated that the Bureau of Prisons is computing his sentences in a manner other than that directed by the sentencing courts and applicable law. *Romandine v. United States,* 206 F.3d 731, 737-38 (7th Cir. 2000)("sentences may well run consecutively by force of law; indeed, the subject may simply be out of the judge's hands. The final sentence of [18 U.S.C.] § 3584(a) reads: 'Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.' A judge

cannot make his sentence concurrent to nonexistent sentences that some other tribunal may or may not impose; thus the sentence is automatically consecutive.").

6. Accordingly, there is neither a factual nor a legal basis on which to conclude that Perez is in custody in violation of the Constitution or laws of the United States. He is thus not entitled to the writ of habeas corpus he seeks. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Date: 08/12/2005